[Civ. No. 42142. Second Dist., Div. Four. Apr. 11, 1974.]

EDGAR L. McKIE et al., Plaintiffs and Appellants, v.
COUNTY OF VENTURA et al., Defendants and Respondents.

## COUNSEL

Dennis B. Kavanagh for Plaintiffs and Appellants.

Dorothy L. Schechter, County Counsel, and William A. Waters, Assistant County Counsel, for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—This is a proceeding by certain owners of mobile homes and a nonprofit corporation consisting of such owners, challenging the constitutionality of an ordinance of Ventura County restricting the use and location of such homes. The trial court held the ordinance to be constitutional; we affirm.

Purportedly acting under the authority of section 18300 of the Health and Safety Code, Ventura County enacted Ordinance No. 2406 which restricts the use of mobile homes for household purposes except: (1) as a temporary dwelling during the construction of a conventional residence; (2) on a farm labor home park; (3) as temporary farm housing; (4) within a mobile home park in an area expressly zoned for such a use. The ordinance contains a "grandfather" clause permitting continued use (with some limitations) of mobile homes that were in use on private property on January 1, 1970.[1]

The parties agree that exceptions (2), (3), and (4) all relate to mobile homes placed on property not owned by the inhabitant of the mobile home, and that, as used in the ordinances in question, a "mobile home" is a dwelling resting on a carriage with wheels, so that it is capable of being moved; it does not include a mobile home that has been removed from its wheeled carriage and placed on a permanent foundation.

By a separate ordinance (Ordinance No. 2572) the county has provided for the zoning of areas as mobile home subdivisions, in which zones a mobile home may be occupied by the landowner.

Plaintiffs contend: (1) that Ordinance No. 2406, in operation, discriminates against the less wealthy residents of the county; and (2) that it invades a "fundamental interest" of those residents so as to be in a

---

[1]The ordinance, as it appears in the record before us, replete with cross-references to other provisions of the Ventura zoning ordinances and other enactments, is difficult to read. However, the briefs of the parties agree on the meaning and application as set forth in the text.

"suspect" category, as those terms have been used in certain decisions of the California and United States Supreme Courts.

However, on the record before us, we do not reach those intriguing issues. As the county counsel points out, Ordinance No. 2406 must be read in connection with all of the legislation of the county and of the state involving mobile homes. As we have seen, Ordinance No. 2572 makes specific provision for the kind of use and occupancy that plaintiffs seek. Nowhere in the record can we find that plaintiffs have sought to take advantage of that provision. We are not told that no lots are available in a subdivision under Ordinance No. 2572, or that it is impossible for plaintiffs, singly or in concert, to secure land and create a subdivision under the ordinance. It follows that the case, as shown by the record before us, presents only a classical exercise of the zoning power—i.e., the allocation of certain uses and certain kinds of construction to specified areas within the county.

While, as plaintiffs urge, the problems of supplying municipal services and of regulation and inspection may be of the same kind in areas zoned for single family conventional housing as for mobile homes housing, the record clearly shows that those problems do vary in degree. Under those circumstances, we cannot say that the board of supervisors acted in an unconstitutional manner in requiring that the different types of housing be maintained in separate zones.

The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 5, 1974.